U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

DAVID JAMIESON,

Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, a
Foreign Corporation,

Defendant.
_______________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, **DAVID JAMIESON**, by and through her undersigned counsel, hereby sues the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, a Foreign Corporation**, and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction based on diversity of citizenship 28 USC §1332. This action also arises under maritime law such that the Court has admiralty or maritime jurisdiction pursuant to 28 USC §1333.

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff, **DAVID JAMIESON**, was and is a resident of and domiciled in the State of Arizona, now living in Glendale, Maricopa County, Arizona, and at all times material was a passenger on board Defendant's vessel, *Imagination*.

5. At all times material, Defendants, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, personally or through an agent:

A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

C. Maintained its principal place of business in Miami, Miami-Dade County, Florida.

D. Operated vessels and provided vessels for cruises in the waters of this state;

E. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, this court has jurisdiction of this action under 28 U.S.C. §1333(1);

F. The acts of defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (See notice letter attached as Exhibit "A"). (The ticket is no longer in Plaintiff's possession).

## COUNT I - NEGLIGENCE

7. On or about March 7, 2016, Defendant owned and operated a passenger cruise ship known as the *Imagination*.

8. At such time and place, Plaintiff, **DAVID JAMIESON**, was lawfully and

legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

9. On March 7, 2016, while on board the *Imagination*, which was operating in navigable waters, the Plaintiff, **DAVID JAMIESON**, was seriously injured when he slipped and fell on foreign substance, believed to be yogurt, while walking through the Lido Buffet, resulting in serious bodily injuries.

10. At all times material hereto Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

11. Carnival is aware of many prior slip and fall incidents on wet surfaces and foreign substances on the Lido Deck on the *Imagination* and other fleet vessels, including vessels in the Fantasy class, the same class as the *Imagination* and, accordingly, Carnival has actual and constructive notice of the dangerous condition created by wet and foreign substance on deck surfaces on its ships.

12. Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

A. By creating the dangerous condition on the deck surface by failing to inspect the indoor deck in a safe way (see Sampson v. Carnival Corp., Case No: 1:15-CV-24399-JLK [DE45] and Poole v. Carnival Corp., 2015 WL 1566415 at *4 (S.D. Fla. Apr. 8, 2015).

B. By creating the dangerous condition on the deck surface by failing to maintain this indoor deck in a safe way (see Sampson v. Carnival Corp., Case No: 1:15-CV-24399-JLK [DE45] and Poole v. Carnival Corp., 2015 WL 1566415 at *4 (S.D. Fla. Apr. 8, 2015).

C. Allowing a slip hazard to exist on the deck surface;

D. Failing to properly maintain the deck surfaces and walkway on the Lido Buffet in a reasonably safe condition;

E. Failing to inspect the deck and walking surfaces of the indoor deck surfaces of the Lido Deck in a sufficient and diligent manner to determine the presence of foreign, transitory substances;

F. Failing to provide a reasonably safe walkway and deck surface on the vessel;

G. Failing to warn passengers, including Plaintiff of the foreign substance on the deck surface, which Defendant knew of or in the exercise of reasonable care, should have known existed for a sufficient period of time in the subject area;

H. Engaging in a negligent mode of operation on the Lido Deck that allowed the foregoing incident to occur;

I. Allowing this dangerous condition to exist despite prior similar slip and fall incidents on the Lido Deck on this and other vessels in its fleet and this class, on the same deck surfaces, with sufficient frequency to both provide notice and create a pattern of conduct which demands remedy;

12. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **DAVID JAMIESON**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, **DAVID JAMIESON**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: March 7, 2017

**HOLZBERG LEGAL**
Offices at Pinecrest II, Suite 220
7685 S.W. 104th Street
Miami, Florida 33156
Telephone: (305) 668-6410
Facsimile: (305) 667-6161

BY: *<u>/s/ Glenn J. Holzberg</u>*
GLENN J. HOLZBERG
Florida Bar No.: # 369551